UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RODNEY JEROME DUKES,          )
                              )
            Plaintiff,        )
                              )
      v.                      )     No. 4:17-cv-1954-DDN
                              )
CENTRAL PARKING FRANKINGTON   )
TEMP.,                        )
                              )
            Defendant.        )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Rodney Jerome Dukes for leave to proceed *in forma pauperis* in this civil action, filed pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. The Court has reviewed the financial information submitted in support, and has determined to grant the motion. In addition, for the reasons discussed below, this case will be dismissed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the

allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**Discussion**

The complaint fails to state a plausible claim for relief. For his statement of claim, plaintiff merely writes:

> To state my 401k retirement that wasn't giving to me. [*sic*] Form [*sic*] 1998 – 2002. Frakington Temp. share holder.

(Docket No. 1 at 3).

For his prayer for relief, plaintiff writes: "Get my 401k that wasn't giving to me. 1998 – 2002." (*Id.* at 4). Plaintiff indicates that he seeks monetary damages, but that the amount is unknown.

The Court has liberally construed the complaint, and is mindful that, in ERISA cases, many relevant documents are held in the control of the plan administrator, and not easily available to a plaintiff. The Court is also mindful that the pleading standard required by Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations. *Iqbal*, 556 U.S. at 678. However, in this case, the complaint tenders only the barest assertion of wrongdoing that is devoid of factual enhancement. In addition, there are no allegations that the defendant committed any wrongdoing, only that Frakington Temp. was a shareholder.

2

Concluding that the named defendant is responsible for any misconduct would require the Court to engage in speculation and to assume facts that are not alleged, which this Court will not do. *See Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Because the complaint includes no factual allegations that, when assumed true, raise the right to relief above the speculative level, the Court determines that it fails to state a claim upon which relief can be granted. It will therefore be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___10th___ day of August, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE